Paul H. Bratton ABN 0711081
Law Offices of Paul H. Bratton
P.O. Box 463
Talkeetna, AK 99676
907.733.2185
(Fax) 772.679.8158
phbratton@gci.net

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| SHAWN CRAWFORD, and ERTHA CRAWFORD, )<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>VITAL RECOVERY SERVICES, INC., )<br>MR. BRYANT, and MS. SMITH, )<br>)<br>Defendants. )<br>) | **Civil Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Plaintiff demands a trial by jury on all issues, in accordance with the U.S. Constitution and Federal Rule of Civil Procedure 38.

### II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred

Crawford v. Vital Recovery Services, Inc.    Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL

here.

### III. PARTIES

3.     Plaintiff Army Specialist SHAWN CRAWFORD is a natural person who is on active duty in the military and resided in Fort Wainwright, Alaska at all times material to this complaint. ERTHA CRAWFORD, wife of Shawn Crawford, is a natural person who resided in Fort Wainwright, Alaska at all times material to this complaint.

4.     Defendant VITAL RECOVERY SERVICES, INC. is a corporation registered to conduct the business of collecting debts in this state with its principal place of business located at 3795 Data Dr., Ste 200, Norcross, Atlanta, Georgia 30010-3748. The principal business of Defendant VITAL RECOVERY SERVICES, INC. is the collection of debts using the mails and telephone.

5.     Defendant MR. BRYANT is a natural person who is employed by Vital Recovery Services, Inc. and whose employment includes, but may not be limited to, collecting debts from consumers by phone.

6.     Defendant MS. SMITH is a natural person who is employed by Vital Recovery Services, Inc. and whose employment includes, but may not be limited to, collecting debts from consumers by phone.

7.     Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8.     Plaintiffs Shawn Crawford and Ertha Crawford are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).

9.     The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

### IV. FACTUAL ALLEGATIONS

10.     Plaintiff Shawn Crawford incurred a financial obligation to Metro Mitsubishi for a vehicle that was primarily for personal and family use in 2001. His father, John Crawford, co-

Crawford v. Vital Recovery Services, Inc.     Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL     Page 2 of 8

signed the note. The total cost of the purchase price on credit, which included additional charges for optional Extended Warranty, optional life and health insurance, document fees, and an 11.91% annual interest rate, was $34,350.44.

11. Shawn Crawford and Ertha Crawford made regular payments on the vehicle for several years until they realized that they could no longer manage the payments and returned the car to Mitsubishi in October 2003.

12. Although the car was in good condition, Mitsubishi sold the car below book value for $4,597.00.

13. In April 2004, Shawn Crawford enlisted in the U.S. Army.

14. Sometime thereafter, Plaintiffs Shawn and Ertha Crawford are informed and believe that the alleged debt remaining after the Crawford's return of vehicle was consigned, placed, sold, or otherwise transferred to a debt collector to which they made regular payments for approximately 18 months.

15. Sometime thereafter, Plaintiffs Shawn and Ertha Crawford are informed and believe that the alleged debt was consigned, placed, sold, or otherwise transferred to Defendant Vital Recovery Services, Inc. to collect the alleged debt from Plaintiff Shawn Crawford.

16. On or about October 23, 2006, Defendant Vital Recovery Services, Inc. informed Plaintiff Shawn Crawford that the debt was held by World Omni Financial Corp. and had been placed with Vital Recovery Services, Inc. for collection. The amount listed as due was $11,428.72.

17. Plaintiffs began to receive numerous phone calls from Defendants. At least twice, calls came in between 6:30 a.m. and 7:00 a.m. Plaintiffs believe that there were at times twenty calls a day. Often three calls were made within a forty minute period.

18. Defendants used an auto-dialer device to make successive calls to Plaintiffs.

19. On at least one occasion, Defendant Ms. Smith blocked her number from caller ID so that Ertha Crawford picked up the phone believing it to be a call from somewhere on the army base (base numbers show unknown caller number on caller ID). On or about March 14, 2007, Ms. Smith called, with caller ID blocked. Defendant was adamant, rude, and made Ertha

Crawford feel like Ms. Smith believed that she was lying. When Ertha Crawford complained about the calls, Ms. Smith told Ertha Crawford that they would not stop calling.

20. When Shawn Crawford or Ertha Crawford answered the calls, the caller was rude, belittling, demanding, and insistent that Plaintiffs pay the debt. The callers repeatedly insisted that Ertha give them her husband's work number. A caller told Shawn that he had to tell them his father's whereabouts, and threatened to sue his father. Another female caller yelled at Shawn Crawford that if he didn't pay, they would contact his First Sergeant and that the military would make him pay.

21. Both Shawn Crawford and Ertha Crawford asked that Defendants cease calling their home. Shawn Crawford was told that until the debt was paid in full, the calls would not stop. He was also told that Defendants could not do anything about the number and frequency of calls because it was a computer automated calling system.

22. On or about December 7, 2006, Plaintiff Ertha Crawford spoke with a party who identified himself as Mr. Bryant and who insisted that he be allowed to speak to Shawn Crawford. He persistently badgered Ertha Crawford, questioning her about what the family spent on food and a vehicle and other purchases. Mr. Bryant finally threatened to call Army Specialist Shawn Crawford's First Sergeant.

23. Ertha Crawford made an agreement with Mr. Bryant that Shawn Crawford would begin making $90.00 a month payments to Defendant Vital Recovery Services, Inc. Ertha Crawford was informed that with each $90.00 payment, an additional $5.00 charge would have to be paid to Defendant Vital Recovery Services, Inc. by separate check.

24. Each month for four months, December 2006 through March 2007, Plaintiffs provided Defendant Vital Recovery Services, Inc. with two checks, one for $90.00 and one for $5.00. For three months—December, January, and February—the payments were withdrawn from Plaintiffs' bank account. On the Vital Recovery Services, Inc. statements issued to the Plaintiff Shawn Crawford for January 2007 and February 2007, $90.00 was deducted from each of the previous balance owed. The $5.00 payment was not deducted or receipt acknowledged.

25. In addition to the unauthorized $5.00 charge, Plaintiffs believe and allege that

Crawford v. Vital Recovery Services, Inc.     Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL

Page 4 of 8

Defendants added other unauthorized fees, such as collection fees, to Plaintiffs' account.

26. On or about the end of March 2007, Plaintiffs Shawn and Ertha Crawford received a statement dated March 22, 2007 from Defendant Vital Recovery Services, Inc. which listed the amount due as $16,397.93 plus $495.14 interest for a total due of $16,893.07. The statement gave no explanation as to why the amount due had suddenly increased more than $5,000.00, nor did it deduct the $95.00 payment which it withdrew from Plaintiffs' account in February 2007. Instead it offered to settle Plaintiff Shawn Crawford's debt for $8,446.53.

27. On or about March 30, 2007, Plaintiffs contacted Fort Wainwright's Office of the Staff- Judge Advocate. Chief of Client Services, Capt. Laura R. Perlman, wrote a letter to Vital Recovery Services, Inc. on behalf of Specialist Shawn Crawford, asking that they cease contacting Shawn Crawford by telephone. Capt. Perlman also noted that she had called Vital Recovery Services, Inc. several times to discuss Plaintiffs' debt and was each time placed on hold by an automated system and that no representative ever answered. Only after Capt. Perlman's letter did the calls from Vital Recovery Services, Inc. to Plaintiffs' home cease.

28. On or about March 30, 2007, Plaintiffs provided Vital Recovery Services, Inc. with checks for $90.00 and for $5.00. (These were enclosed with Capt. Laura R. Perlman's letter to Vital Recovery Services, Inc.)  In May 2007, when the checks had not been cashed, Ertha Crawford had payment of the checks stopped.

29. On or about April 2007, Legal Assistant Attorney at Fort Wainwright Law Center, James C. Wherry, called Defendant Vital Recovery Services, Inc. to question the unexplained increase of Crawford's debt. Wherry was told that that Mitsubishi Motors had just sent forward the amount of the accrued interest. No explanation was given as to why this was not indicated on Plaintiff's bill as interest or why it was suddenly discovered.

30. On or about January 21, 2008, Plaintiff Shawn Crawford received notice that a different company was now servicing the debt and that the amount due was $14,385.66.

31. As a result of the acts alleged above, Plaintiffs experienced severe stress, anger, frustration, serious anxiety, headaches, sleeplessness, reduced appetite, confusion, humiliation, fear, worry, loss of happiness, irritability, stress and tension on their family relationships.

Crawford v. Vital Recovery Services, Inc.     Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL

Page 5 of 8

## V. FIRST CLAIM FOR RELIEF

### (As against all Defendants for Violation of FDCPA)

32.    Plaintiffs repeat and reallege and incorporate by reference all of the foregoing paragraphs.

33.    Defendants violated the FDCPA by the above-described actions.  Defendants' violations include, but are not limited to, the following:

a.    By making calls to Plaintiffs' home before 8:00 a.m., Defendants violated 15 U.S.C. § 1692c(a)(1);

b.    By making continuing calls to the Plaintiffs' residence, by using auto-dialers, and by harassing and intimidating  Plaintiffs on the phone, Defendants engaged in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of the alleged debt, and so violated 15 U.S.C. § 1692d;

c.    By continuing to call Plaintiffs' home after being told to stop calling, Defendants engaged in conduct the natural consequence of which was to harass, intimidate, oppress, and abuse Plaintiffs in connection with the collection of the alleged debt, and so violated 15 U.S.C. § 1692d;

d.    By threatening to contact Plaintiff Shawn Crawford's First Sergeant, Defendants engaged in conduct the natural consequence of which was to harass, intimidate, oppress, and abuse Plaintiffs in connection with the collection of the alleged debt, and so violated 15 U.S.C. § 1692d;

e.    By threatening to sue Plaintiff's father, Defendants violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692e;

f.    By billing for different amounts, Defendants have made false representations of the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A).

g.    By billing Plaintiff Shawn Crawford for different amounts, Defendants used false

Crawford v. Vital Recovery Services, Inc.     Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL

Page 6 of 8

and misleading representations to collect or attempt to collect a debt, thereby violating 15 U.S.C. § 1692e(5).

h.  By telling Shawn Crawford that the phone calls would not stop until the debt was paid, Defendants used false and misleading representations to collect or attempt to collect a debt, thereby violating 15 U.S.C. § 1692e(5).

i.  By collecting fees unauthorized by the contract, Defendants used false representation and deceptive means to collect or attempt to collect a debt, and so violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1);

j.  Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

34.  As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the FDCPA, Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA;

B.  Actual damages pursuant to 15 U.S.C. § 1692k;

C.  Statutory damages pursuant to 15 U.S.C. §1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

E.   For punitive damages.

F.   For such other and further relief as the Court may deem just and proper.

Dated this 24th day of February 2008.

_____s/ Paul H. Bratton_____
Paul H. Bratton
Law Office of Paul H. Bratton
P. O. Box 463
Talkeetna, AK 99676
Phone: 907.733,2185
Fax: 772.679.8158
Email: phbratton@gci.net
ABN: 0711081

Crawford v. Vital Recovery Services, Inc.     Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL

Attorney for Plaintiffs
Shawn Crawford and Ertha Crawford

Crawford v. Vital Recovery Services, Inc.    Case No.
COMPLAINT AND DEMAND FOR JURY TRIAL